FILED
United States Court of Appeals
Tenth Circuit

March 10, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MISTA TURNER BURGESS,
individually and in her capacity as
mother and next best friend of H.M.T.
a minor child,

        Plaintiff-Appellee,

v.

CAROL HOUSEMAN, individually,

        Defendant-Appellant,

    and

MICHAEL E. KLIKA, individually;
DEPARTMENT OF HUMAN
SERVICES, ex rel., The State of
Oklahoma, a state agency; CITY OF
OKLAHOMA CITY, a political
subdivision of the State of Oklahoma;
JOHN DOES 1 through 5,

        Defendants.

No. 07-6107
(D.C. No. CIV-07-269-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **TACHA**, **EBEL**, and **MURPHY**, Circuit Judges.

---

Carol Houseman appeals the district court's denial of her motion to dismiss plaintiff's 42 U.S.C. § 1983 civil rights claim against her on the basis of qualified immunity. The claim in question was brought by plaintiff Mista Turner Burgess on behalf of her minor child, H.M.T. She alleged that Houseman violated H.M.T.'s Fourth, Fifth, and Fourteenth Amendment rights by taking H.M.T. into protective custody without a court order or probable cause and without providing a hearing. The district court denied qualified immunity to Houseman because it determined that plaintiff had alleged sufficient facts to show the seizure was unreasonable and that the right asserted was clearly established prior to Houseman's alleged actions. We affirm the challenged order of the district court.

## BACKGROUND

Plaintiff is the former spouse of John Turner, H.M.T.'s father. In her complaint, she alleges that on April 7, 2005, John Turner's ex-girlfriend, who was the mother of another of his children, complained to the Oklahoma City Police Department (OCPD) that Turner had sexually abused her three-year-old son. Officers interviewed the boy and he allegedly accused Turner of abusing H.M.T. as well. The OCPD notified the Oklahoma Department of Human Services (DHS) of the allegations.

Under the terms of their divorce decree, plaintiff and Turner had joint custody of H.M.T. On April 19, 2005, OCPD officers seized H.M.T. from her school and took her to a DHS facility known as the Care Center Shelter. Plaintiff alleges that there was no probable cause for this seizure. Officer Michael E. Klika later interrogated plaintiff at OCPD headquarters and told her that he had caused H.M.T. to be placed in protective custody with DHS. He refused to permit plaintiff to see H.M.T. at the Care Center.

That evening, Houseman called plaintiff, identifying herself as H.M.T.'s caseworker. Notwithstanding the fact that no allegations of child abuse had been made against plaintiff, Houseman refused to release H.M.T. from the Care Center to plaintiff. H.M.T. was detained overnight at the Care Center, until plaintiff was able to obtain a court order giving her sole custody of H.M.T. the following day. Plaintiff asserts that Klika and Houseman "engaged in [a] joint venture . . . assist[ing] each other in performing the actions described and lent their physical presence and support, as well as the authority of their offices, to each other during [the relevant] events." Aplt. App. at 22.

Plaintiff further asserts that "the allegations against Turner were totally unfounded, that Turner never touched Plaintiff H.M.T. in a sexually inappropriate manner, and that the 'investigation' by Defendants Klika and Houseman was superficial and highly unprofessional." *Id.* at 16. Before releasing H.M.T. to plaintiff's custody, Houseman allegedly told H.M.T. that her father was "bad,"

and she "greatly frightened" H.M.T. *Id.* H.M.T. later underwent counseling as the result of alleged trauma resulting in part from her detention at the Care Center and the statements made by Houseman about her father.

## ANALYSIS

"An order denying qualified immunity that raises purely legal issues is immediately appealable." *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Our review is de novo, and we accept all well-pleaded allegations of the plaintiff's complaint as true, considering them in the light most favorable to the plaintiff. *Id.* To overcome Houseman's assertion of the qualified immunity defense, plaintiff must show that the acts complained of violated a constitutional or statutory right, and that the right allegedly violated was clearly established at the time of the conduct at issue. *Id.*

### 1. Proper Constitutional Standard

Houseman first contends that plaintiff has failed to make the required showing, because the facts alleged are not "conscience shocking" and therefore cannot rise to the level of a constitutional violation. Aplt. Br. at 11. The "shock-the-conscience" test only applies, however, when the plaintiff asserts a substantive due process violation based on executive action that does not implicate a fundamental right. *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1203 (10th Cir. 2003). As we read her complaint, plaintiff does not bring her claim on the basis of

-4-

substantive due process, but avers instead that H.M.T. was detained in violation of her right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments and without due process of law in violation of the Fifth and Fourteenth Amendments. "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quotation omitted).

## 2. Fourth Amendment Claim

Plaintiff's Fourth Amendment claim asserts that Houseman helped seize and detain H.M.T. without a court order and without probable cause to believe that H.M.T. would be abused if she remained in her mother's physical custody. The Fourth Amendment, which prohibits the unreasonable seizure of persons, is applicable to the actions of state social workers. *Jones v. Hunt*, 410 F.3d 1221, 1225 (10th Cir. 2005). "With limited exceptions, a search or seizure requires either a warrant or probable cause." *Id.* at 1227.[1] Houseman argues that an exception to the warrant or probable cause requirement applies here, and the

---

[1]     In the context of a seizure for child protection, a juvenile court order often serves the function of a warrant. *See J.B. v. Washington County*, 127 F.3d 919, 930 (10th Cir. 1997).

seizure was reasonable, because exigent circumstances were present which obviated the need for a court order or probable cause.

Exigent circumstances may justify a warrantless seizure and detention for child protective purposes. *See Roska v. Peterson*, 328 F.3d 1230, 1240 (10th Cir. 2003). However, "[t]his exception is narrow, and must be jealously and carefully drawn." *Id.* (quotation omitted). The facts of plaintiff's complaint, which we must take as true, do not establish that Houseman's actions fell within this narrow exception. According to the complaint, there were no child abuse allegations raised against Ms. Burgess, who knew nothing of the alleged sexual abuse. No charges were ever filed against Ms. Burgess alleging that she failed to protect H.M.T. or that she exposed H.M.T. to any threat of harm.[2] Plaintiff alleges that there was no reason at all to believe that H.M.T. would not have been safe if permitted to remain in the custody of her mother. Thus, there were no exigent circumstances alleged and plaintiff has sufficiently pleaded a violation of H.M.T.'s Fourth Amendment rights.

The law was clearly established, prior to the events in question, that children enjoy Fourth Amendment rights to be free from seizure, including the improper removal from their home. *See J.B. v. Washington County*, 127 F.3d 919,

---

[2]    Plaintiff does allege that Houseman "alleged in DHS records as early as April 19, 2005 that Plaintiff Burgess 'failed to protect' and exposed Plaintiff H.M.T. to [a] 'threat of harm.'" Aplt. App. at 15. She contends, however, that these charges "were totally meritless and without any evidentiary support." *Id.*

928-29 (10th Cir. 1997). We therefore affirm the denial of qualified immunity on plaintiff's Fourth Amendment claim.

### 3. Fifth Amendment Claim

The district court appears to have analyzed plaintiff's claim primarily as a Fourth Amendment claim. Aplt. App. at 133-34 (concluding that plaintiff "has alleged sufficient facts to support her contention that the removal of H.M.T. from her home and placement in a protective environment was an unreasonable seizure" and that the right involved was clearly established). As we read plaintiff's complaint, however, she also alleges that H.M.T. was deprived of procedural due process in connection with the seizure and detention. Such a deprivation can violate a child's due process rights. *See J.B.*, 127 F.3d at 925. To the extent that Ms. Houseman asserts qualified immunity as to this Fifth Amendment claim, we affirm the denial of qualified immunity at this stage on that claim as well.

A minor child "enjoys a liberty interest requiring that procedural due process accompany her confinement." *Id.* This interest must be balanced against the state's interest in protecting children from physical and sexual abuse, which is significant here. *See id.* In addition to the child's liberty interest and the state's interest in child protection, a third and decisive factor examines the procedures used and the cost and benefit of additional procedures. *Id.*

Oklahoma law provides a procedure for obtaining a court order before seizing and detaining a child. Okla. Stat., tit. 10, § 7003-2.1(A)(2). The defendants did not attempt to obtain a court order before seizing and detaining H.M.T. Houseman cites our holding in *Gomes v. Wood*, 451 F.3d 1122, 1130 (10th Cir.), *cert. denied*, 127 S. Ct. 676 (2006), that "state officials may remove a child from the home without prior notice and a hearing when they have a reasonable suspicion of an immediate threat to the safety of the child if he or she is allowed to remain there." This is consistent with Oklahoma law, which provides that seizure and detention are appropriate without a court order "if the child's surroundings are such as to endanger the welfare of the child or if continuation of the child in the child's home is contrary to the health, safety or welfare of the child." Okla. Stat., tit. 10, § 7003-2.1(A)(1).

As we have already seen, however, the allegations of plaintiff's complaint indicate that defendants could not reasonably have relied on imminent danger to H.M.T. to justify the seizure and detention. Turning to the second factor pertinent to qualified immunity, we note that the law that requiring procedural due process in connection with the seizure and detention of a child was clearly established at the time of the events in question. *See, e.g., J.B.*, 127 F.3d at 924-25.

For the reasons stated, we reject Houseman's assertion that exigent circumstances justified the seizure and detention of H.M.T. without a court order

or probable cause, as it applies to both plaintiff's Fourth Amendment and Fifth Amendment claims. The allegations of plaintiff's complaint establish the violation of H.M.T.'s constitutional rights, and the law concerning these rights was clearly established at the time of the alleged violation. We therefore affirm the district court's denial of qualified immunity.[3] The judgment of the district court is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge

---

[3]    As in *Jones*, "[w]e emphasize that our disposition of this case is largely dictated by the Rule 12(b)(6) standard," which requires us to accept the allegations of plaintiff's complaint as true. *Jones*, 410 F.3d at 1231 n.7. We hold only that the district court did not err in denying qualified immunity at this stage in the litigation. *See id.*